Jason O. Runckel, Esq. (California SBN: 198361)
Thomas M. O'Connor, Esq. (California SBN: 172236)
William D. O'Malley, Esq. (California SBN: 129605)
O'CONNOR, RUNCKEL & O'MALLEY LLP
1277 Treat Boulevard, Suite 810
Walnut Creek, CA 94597
Telephone: (925) 939-5600
Facsimile: (925) 939-5602

Attorneys for Plaintiff, Jane Doe

ORIGINAL FILED
2013 FEB 20 A 11: 17
RICHARD W. WICKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON TOWNSHIP HEALTHCARE DISTRICT, WASHINGTON HOSPITAL, JON QUIANZON and ROES 1 to 25, inclusive,<br><br>Defendants. | Case No. 13 0745<br><br>**COMPLAINT FOR DAMAGES FOR BATTERY; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT HIRING AND RETENTION; NEGLIGENT SUPERVISION; NEGLIENCE PER SE; VIOLATIONS OF MANDATORY DUTIES; NEGLIENT INFLICTION OF EMOTIONAL DISTRESS; AND CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, JANE DOE hereby alleges the following:

**PARTIES**

1. Plaintiff, Jane Doe is a competent adult and at all times herein mentioned a resident of Alameda County. Jane Doe is using a fictitious name in this Complaint to preserve her right to privacy under the United States and California Constitutions due to the sensitive and highly

personal nature of this case. If, for any reason, Defendants cannot accurately determine the identity of the Plaintiff, their attorney can contact Plaintiff's attorney at the address on the face sheet of the Complaint, and the name of the Plaintiff will be provided.

2. Defendant, Washington Township Healthcare District (hereinafter "WASHINGTON TOWNSHIP") is a public entity located in Alameda County, California. Defendant, Washington Hospital (hereinafter "HOSPITAL") is a business entity, form unknown, and on information and belief it is operated under the direction of Defendant WASHINGTON TOWNSHIP. Defendant HOSPITAL's principal place of business is in the City of Fremont, Alameda County, California.

3. Defendant Jon Quianzon (hereinafter "QUIANZON") is a competent adult who at all times herein mentioned was an employee of Defendants, WASHINGTON TOWNSHIP and HOSPITAL. Plaintiff is informed and believes and thereon alleges that QUIANZON is a resident of Alameda County, California.

4. Defendant ROE 1 is a competent adult who at all times mentioned herein was an employee of Defendants WASHINGTON TOWNSHIP and HOSPITAL, and was the supervisor of QUIANZON. The true name of ROE 1 is unknown to Plaintiff at this time, and therefore is sued by a fictitious name, as discussed below in paragraph 6. When the true name of ROE 1 has been ascertained, Plaintiff will seek leave of court to amend this Complaint to allege the true name of ROE 1.

5. ROES 1 to 25, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by asserting their true names and capacities herein. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that the damages as herein alleged were proximately caused by those Defendants.

COMPLAINT FOR DAMAGES; JURY TRIAL DEMANDED
2

6. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned each of the Defendants herein mentioned, including ROES 1 to 25, were the agents, servants and employees of their co-Defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants and employee and with the permission and consent of their co-Defendants.

## JURISDICTIONAL STATEMENT

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, since this action arises under federal law pursuant to 42 U.S.C. § 1983.

## SUMMARY OF FACTS COMMON TO ALL CLAIMS

8. In or about October 2009, a female patient (hereinafter "Victim 1") arrived at Defendant HOSPITAL via ambulance with complaints of severe back pain due to kidney stones. At said time and place, Defendant QUIANZON was on duty, working as a nurse in the Emergency Department of HOSPITAL. Defendant QUIANZON administered pain medication to Victim 1, rendering her sleepy. Defendant QUIANZAON returned to Victim 1's room after she had fallen asleep and proceeded to place his hand under the bed sheet, slide his hand inside Victim 1's left thigh, moving his hand inside her underwear and placed his finger in her vagina. Victim 1 awoke and Defendant QUIANZON then grabbed her hand and placed it on his erect penis. Victim 1 reported the sexual assault to Defendant HOSPITAL.

9. Defendant HOSPITAL reportedly investigated the complaint in-house, never reported the assault to the police, and found Victim 1's allegations to be unfounded. No disciplinary action was taken, no reporting was made to any authorities, and Defendant QUIANZON was allowed to continue treating female patients without any supervision.

10. On a separate occasion, Defendant QUIANZON fondled the breasts of another female patient ("Victim 2") while he was removing her cardiac leads. Plaintiff is informed and believes that Victim 2 notified Defendant HOSPITAL about this incident. Again, no disciplinary

action was taken, no reporting was made to any authorities, and Defendant QUIANZON was allowed to continue treating female patients without any supervision.

11. On or about June 10, 2012, Plaintiff JANE DOE arrived at defendant HOSPITAL's Emergency Department for extreme alcohol intoxication. At said time and place, Plaintiff was lethargic, non-communicative and rousable only through pain stimulus.

12. Defendant QUIANZON was a Staff Nurse II and at all times herein mentioned employed at Defendant HOSPITAL. Defendant QUIANZON was on duty and working in his capacity as a Staff Nurse II in the Emergency Department of Defendant HOSPITAL at the time Plaintiff arrived on June 10, 2012.

13. On June 10, 2012 upon his arrival to work Defendant QUIANZON was assigned to manage the "clinic" area of the emergency room. The "clinic" area consisted of various examination rooms which were separated by curtains, including Exam Area #13.

14. Upon arriving at Defendant HOSPITAL, Plaintiff was placed on a gurney, assessed and placed in the hallway due to overcrowding. She remained in the hallway, with an altered level of consciousness, was lethargic and non-communicative. At approximately 0400 hours Plaintiff was moved from the hallway to the "clinic" area of the Emergency Room, which is located to the rear of the main nursing station. Plaintiff was specifically placed into Exam Area #13, which was assigned to Defendant QUIANZON.

15. Defendant QUIANZON entered Exam Area #13 after Plaintiff was placed in the room, checked to see if she was responsive to verbal commands and after determining that Plaintiff was in fact unconscious, closed the curtain around her and pulled her sweat pants down to expose her buttocks. Defendant QUIANZON proceeded to walk over to the lotion dispenser and put lotion on his hands. QUIANZON then put lotion on Plaintiff's buttocks and anus. As JANE DOE lay unconscious and fully exposed in a fetal position with her knees bent towards her chest, QUIANZON sexually assaulted her.

16. The sexual assault against Plaintiff by Defendant QUIANZON continued until the attending emergency room physician entered the curtained area, thereby stopping the further assault of Plaintiff.

17. On December 6, 2012, Plaintiff presented a public entity claim to Defendants WASHINGTON TOWNSHIP and HOSPITAL pursuant to the California Tort Claims Act. The claim was rejected by operation of law on December 26, 2012. A copy of WASHINGTON TOWNSHIP and HOSPITAL'S *Notice of Rejection of Claim* is attached to this Complaint as *Exhibit A*, with Plaintiff's name and other identifying information redacted.

## FIRST CLAIM FOR DAMAGES
### (Battery – Against Defendant QUIANZON)

18. All previous allegations are incorporated by reference as if set forth in full herein.

19. At the time of the incident on June 10, 2012, Defendant QUIANZON sexually assaulted and touched Plaintiff JANE DOE in a harmful or offensive manner. In so doing, Defendant QUIANZON specifically intended to touch Plaintiff in a harmful or offensive manner. Defendant QUIANZON specifically intended to sexually assault Plaintiff.

20. Plaintiff never consented to any such physical contact by Defendant QUIANZON. At the time of the sexual assault, Plaintiff was in an unresponsive state and could not provide consent to such contact by Defendant QUIANZON.

21. As a direct and proximate result of Defendant QUIANZON's actions, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof.

22. As a direct and proximate result of Defendant QUIANZON's conduct, Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, emotional distress, pain and suffering, and other compensatory damages in an amount to be shown according to proof.

23.     Plaintiff is informed and believes that Defendant QUIANZON acted with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, and constituted oppression, fraud, or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendant.

## SECOND CLAIM FOR DAMAGES

### (Intentional Infliction of Emotional Distress – Against Defendant QUIANZON)

24.     All previous allegations are incorporated by reference as if set forth in full herein.

25.     Defendant QUIANZON's actions in sexually assaulting Plaintiff while she was in an unresponsive state in a hospital emergency room were intentional, extreme, and outrageous.

26.     Plaintiff is further informed and believes, and thereon alleges, that Defendant QUIANZON acted with the intent to cause serious emotional distress or with reckless disregard of the probability of causing Plaintiff serious emotional distress.

27.     As a direct and proximate result of Defendant QUIANZON's actions, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof.

28.     As a direct and proximate result of Defendant QUIANZON's conduct, Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, emotional distress, pain and suffering, and other compensatory damages in an amount to be shown according to proof.

29.     Plaintiff is informed and believes that Defendant QUIANZON acted with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, and constituted oppression, fraud, or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendant.

///

///

## THIRD CLAIM FOR DAMAGES

(Negligent Hiring and Retention – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

30. All previous allegations are incorporated by reference as if set forth in full herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants WASHINGTON TOWNSHIP, HOSPITAL, and ROES 1 through 25 (collectively, "HOSPITAL DEFENDANTS") knew or should have known before hiring Defendant QUIANZON that he had a history of emotional and sexual problems, and that he was unfit to perform work as a nurse at the HOSPITAL where he would have contact with female patients. The HOSPITAL DEFENDANTS failed to conduct proper screening and/or perform an adequate background check on Defendant QUIANZON. Had the HOSPITAL DEFENDANTS performed an adequate background check and screening, they would have discovered or should have discovered that Defendant QUIANZON was a danger to female patients and was an untrustworthy applicant, thereby rendering defendant QUIANZON unfit for employment.

32. Plaintiff is also informed and believes and thereon alleges that the HOSPITAL DEFENDANTS knew or should have known about the two prior sexual assaults perpetrated by Defendant QUIANZON alleged above, which occurred well before the sexual assault of Plaintiff JANE DOE. Thus, the HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON was unfit to perform the work for which he was hired as a nurse, and that he could not be trusted to be alone with female patients at any time.

33. The HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON was unfit to work as a nurse at the HOSPITAL and that this unfitness created a particular risk of harm to others, including Plaintiff JANE DOE. The HOSPITAL DEFENDANTS owed a duty to Plaintiff to take steps to prevent Defendant QUIANZON from harming Plaintiff.

///

34. As a result of Defendant QUIANZON's unfitness, Plaintiff was sexually assaulted and suffered serious harm.

35. The HOSPITAL DEFENDANTS' negligence in hiring Defendant QUIANZON and their retention of Defendant QUIANZON as a nurse at the HOSPITAL was a substantial factor in causing the harm to Plaintiff.

36. As a direct and proximate result of the HOSPITAL DEFENDANTS' negligent hiring and retention of Defendant QUIANZON, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, and other compensatory damages in an amount to be shown according to proof.

## FOURTH CLAIM FOR DAMAGES

### (Negligent Supervision – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

37. All previous allegations are incorporated by reference as if set forth in full herein.

38. Plaintiff is informed and believes and thereon alleges that the HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON had a history of emotional and sexual problems, and that he was unfit to perform work as a nurse at the HOSPITAL where he would have contact with female patients.

39. Plaintiff is also informed and believes and thereon alleges that the HOSPITAL DEFENDANTS knew or should have known about the two prior sexual assaults perpetrated by Defendant QUIANZON alleged above, which occurred well before the sexual assault of Plaintiff JANE DOE. Thus, the HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON was unfit to perform the work for which he was hired as a nurse, and that he could not be trusted to be alone with female patients at any time.

///

40. The HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON was unfit to work as a nurse at the HOSPITAL and that this unfitness created a particular risk of harm to others, including Plaintiff JANE DOE. The HOSPITAL DEFENDANTS owed a duty to Plaintiff to prevent Defendant QUIANZON from harming her.

41. Despite such knowledge, the HOSPITAL DEFENDANTS failed to properly supervise Defendant QUIANZON. In particular, the HOSPITAL DEFENDANTS allowed Defendant QUIANZON to have unfettered access to female patients and allowed him to be alone with female patients, including patients who were unconscious or in an unresponsive state and especially vulnerable.

42. As a result of the HOSPITAL DEFENDANTS' failure to properly supervise Defendant QUIANZON, Plaintiff was sexually assaulted and suffered serious harm.

43. The HOSPITAL DEFENDANTS' negligence in hiring Defendant QUIANZON and their retention of Defendant QUIANZON as a nurse at the HOSPITAL was a substantial factor in causing the harm to Plaintiff.

44. As a direct and proximate result of the HOSPITAL DEFENDANTS' negligent hiring and retention of Defendant QUIANZON, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, and other compensatory damages in an amount to be shown according to proof.

### FIFTH CLAIM FOR DAMAGES

(Negligence Per Se – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

45. All previous allegations are incorporated by reference as if set forth in full herein.

46. Defendant QUIANZON has been an employee of the HOSPITAL DEFENDANTS as a nurse since approximately April 2008. During said employment, the HOSPITAL

DEFENDANTS knew or should have known that Defendant QUIANZON should not be working unsupervised with female patients.

47. Plaintiff is informed and believes and thereon alleges that the HOSPITAL DEFENDANTS had a mandatory duty to immediately notify law enforcement of Defendant QUIANZON's prior sexual assaults on Victim 1 and Victim 2 under California's mandatory reporting laws, pursuant to California Penal Code §§ 11160 to 11163.2. The HOSPITAL DEFENDANTS are mandatory reporters. Plaintiff is informed and believes that the HOSPITAL DEFENDANTS had knowledge of the prior sexual assaults on patients at the HOSPITAL by Defendant QUIANZON. Accordingly, the HOSPITAL DEFENDANTS had a mandatory duty to immediately report the incidents to law enforcement.

48. The HOSPITAL DEFENDANTS violated the reporting statutes noted above by failing to notify law enforcement of the sexual assaults.

49. Plaintiff JANE DOE was within the class of persons specifically designated to be protected by the aforementioned mandatory reporting statutes. Her injuries resulted from a sexual assault by Defendant QUIANZON, which was the type of harm that the statutes were designed to prevent.

50. As a direct and proximate result of the HOSPITAL DEFENDANTS' violations of the mandatory reporting laws, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, and other compensatory damages in an amount to be shown according to proof.

### SIXTH CLAIM FOR DAMAGES

(Failure to Perform Mandatory Duties – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

51. All previous allegations are incorporated by reference as if set forth in full herein.

52. Defendant QUIANZON has been an employee of the HOSPITAL DEFENDANTS as a nurse since approximately April 2008. During said employment, the HOSPITAL DEFENDANTS knew or should have known that Defendant QUIANZON should not be working unsupervised with female patients.

53. Plaintiff is informed and believes and thereon alleges that the HOSPITAL DEFENDANTS had a mandatory duty to immediately notify law enforcement of Defendant QUIANZON's prior sexual assaults on Victim 1 and Victim 2 under California's mandatory reporting laws, pursuant to California Penal Code §§ 11160 to 11163.2. The HOSPITAL DEFENDANTS are mandatory reporters. Plaintiff is informed and believes that the HOSPITAL DEFENDANTS had knowledge of the prior sexual assaults on patients at the HOSPITAL by Defendant QUIANZON. Accordingly, the HOSPITAL DEFENDANTS had a mandatory duty to immediately report the incidents to law enforcement.

54. The reporting requirements in the above-referenced statutes were mandatory duties, not discretionary duties.

55. The HOSPITAL DEFENDANTS violated the reporting statutes noted above by failing to notify law enforcement of the sexual assaults.

56. Failure to immediately notify local law enforcement of the allegation of sexual assault resulted in Defendant QUIANZON's continued employment with the HOSPITAL DEFENDANTS.

57. As a result of said failure by the HOSPITAL DEFENDANTS, Defendant QUIANZON remained on staff at Defendant HOSPITAL thereby allowing him to sexually assault Plaintiff.

58. As a direct and proximate result of the HOSPITAL DEFENDANTS' violations of the mandatory reporting laws, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered

damages including loss of past and future income, past and future medical expenses, and other compensatory damages in an amount to be shown according to proof.

## SEVENTH CLAIM FOR DAMAGES

### (Negligent Infliction of Emotional Distress – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

59. All previous allegations are incorporated by reference as if set forth in full herein.

60. The HOSPITAL DEFENDANTS owed a duty of care to Plaintiff JANE DOE as a patient at the HOSPITAL, including the duty to provide a safe environment and to prevent her from suffering harm at the hands of their employees that was reasonably foreseeable.

61. The HOSPITAL DEFENDANTS knew or should have known that failure to exercise due care to Plaintiff by allowing a male nurse, previously accused of sexual assault while on duty, to attend to her unsupervised, would cause Plaintiff severe emotional distress.

62. The HOSPITAL DEFENDANTS' negligent acts, including their negligent hiring, negligent retention, and negligent supervision of Defendant QUIANZON constituted a breach of the duty of care it owed to Plaintiff. The HOSPITAL DEFENDANTS failed to provide a safe environment for Plaintiff, who was in a most vulnerable position, a state of unconsciousness.

63. The HOSPITAL DEFENDANTS' negligent conduct directly and proximately caused Plaintiff to suffer serious emotional distress as a result of the sexual assault.

64. As a direct and proximate result of the HOSPITAL DEFENDANTS' negligence, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, and other compensatory damages in an amount to be shown according to proof.

///

///

# EIGHTH CLAIM FOR DAMAGES

(Civil Rights Violation under 42 U.S.C. § 1983 – Against Defendants WASHINGTON TOWNSHIP, HOSPITAL, AND ROES 1 through 25)

65. All previous allegations are incorporated by reference as if set forth in full herein.

66. Plaintiff JANE DOE was deprived of a federal constitutional right by the HOSPITAL DEFENDANTS, including ROE 1, the supervisor of Defendant QUIANZON. Plaintiff has a constitutional substantive due process right to her own bodily security under the Fourteenth Amendment to the United States Constitution.

67. At all times mentioned herein, the HOSPITAL DEFENDANTS were acting under color of state law and purported to act in the performance of their official duties.

68. The HOSPITAL DEFENDANTS affirmatively placed Plaintiff JANE DOE in immediate danger by its conduct and acted with deliberate indifference to a known or obvious danger. The HOSPITAL DEFENDANTS knew that Defendant QUIANZON had previously sexually assaulted at least one or more female patients at the HOSPITAL. The HOSPITAL DEFENDANTS, including ROE 1, conducted an internal investigation of at least one prior incident in which Defendant QUIANZON sexually assaulted a female patient; they chose not to report Defendant QUIANZON to the police (in violation of mandatory state reporting laws), chose not to terminate his employment, and chose to permit Defendant QUIANZON to continue to have unfettered access to female patients, even those who were in an unconscious or unresponsive state, including Plaintiff.

69. The HOSPITAL DEFENDANTS exposed Plaintiff to immediate danger of being sexually assaulted by Defendant QUIANZON. The HOSPITAL DEFENDANTS knew of this risk and consciously disregarded it, and were deliberately indifferent to Plaintiff's constitutional right to bodily security. Plaintiff was unconscious and therefore particularly vulnerable. Plaintiff was taken to the emergency room at the HOSPITAL and placed in the care of the HOSPITAL

DEFENDANTS. Plaintiff had no means of escape or seeking treatment elsewhere in her unconscious state.

70. As a result of the HOSPITAL DEFENDANTS' deliberate indifference to Plaintiff's constitutional rights, Plaintiff was sexually assaulted by Defendant QUIANZON while unconscious and in the care of the HOSPITAL DEFENDANTS.

71. Plaintiff is informed and believes and thereon alleges that the decisions to hire Defendant QUIANZON, to retain him even after he had sexually assaulted female patients, and to allow him to be alone with female patients without any supervision were made according to official policy or long-standing custom of WASHINGTON TOWNSHIP and the HOSPITAL, and that ROE 1 made these decisions acting as a final policy maker.

72. Additionally, Plaintiff is informed and believes and thereon alleges that WASHINGTON TOWNSHIP and the HOSPITAL failed to maintain adequate policies or conduct adequate training to prevent violations of the due process rights of patients to bodily security. Violations such as the one inflicted on Plaintiff were an obvious risk of the procedures adopted by WASHINGTON TOWNSHIP and the HOSPITAL and their policymakers to disregard the serious risk of harm to patients from abuse by hospital employees, constituting deliberate indifference. The failure to maintain adequate policies and training was persistent and widespread and demonstrated deliberate indifference to the rights of patients.

73. As a direct and proximate result of the HOSPITAL DEFENDANTS' actions, Plaintiff sustained physical injuries and serious emotional distress, all to her damage in an amount to be shown according to proof. Plaintiff has also suffered damages including loss of past and future income, past and future medical expenses, emotional distress, pain and suffering, and other compensatory damages in an amount to be shown according to proof.

74. Plaintiff is informed and believes that the HOSPITAL DEFENDANTS acted with a conscious disregard of Plaintiff's right to be free from such tortious and criminal behavior, and

constituted oppression, fraud, or malice pursuant to California Civil Code § 3294, entitling Plaintiff to punitive damages in an amount appropriate to punish and set an example of said Defendants.

**WHEREFORE,** Plaintiff prays for judgment as follows:

1. For compensatory damages, including general and special damages, according to proof;
2. For punitive damages;
3. For attorney's fees;
4. For costs of suit incurred herein; and
5. For such other and further relief the Court may deem proper.

Dated: February 18, 2013                    O'CONNOR, RUNCKEL & O'MALLEY

_____
Jason O. Runckel
Attorney for Plaintiff

## JURY TRIAL DEMANDED

Plaintiff requests and demands a trial by jury.

Dated: February 18, 2013                    O'CONNOR, RUNCKEL & O'MALLEY

_____
Jason O. Runckel
Attorney for Plaintiff

# EXHIBIT A



# Washington Township Health Care District

2000 Mowry Avenue, Fremont, California 94538-1716 • (510) 797-1111

*Nancy Farber, Chief Executive Officer*

**Board of Directors**
*Patricia Danielson, RHIT*
*Jacob Eapen, M.D.*
*William F. Nicholson, M.D.*
*Bernard Stewart, D.D.S.*
*Michael J. Wallace*

December 26, 2012

## NOTICE OF REJECTION OF CLAIM

c/o Jason Runckel, Esq.
O'Connor, Runckel & O'Malley LLP
1277 Treat Blvd. Suite 810
Walnut Creek, CA 94597

Via U.S. Certified First Class Mail, Return Receipt
Article No. 7011 2970 0002 2575 0628

Dear

NOTICE IS HEREBY GIVEN that the claim which you presented to the Board of Directors or an officer of Washington Township Health Care District on December 7, 2012 was REJECTED by operation of law on December 22, 2012.

### WARNING

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a State court action on this claim. See Government Code Section 945.6.

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

### NOTE

If you file a court action in this matter and a court concludes that your action is not based on good faith, this Hospital intends to seek attorney's fees and all of its expenses incurred in defending the action as permitted by California law, including but not limited to Code of Civil Procedures § 1038. We encourage you to seek legal advice promptly to determine whether your claim has merit.

Sincerely,

*Nancy Farber*

Nancy Farber
Chief Executive Officer

cc: Kris LaVoy, RN, Associate Administrator, Chief of Compliance, Washington Hospital
    Janie Sydow, Sr. Litigation Specialist, Beta Healthcare Group